UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,                :

                                     **Plaintiff,**              :

                  - against -              :

                                             :

GARY S. BECKER,                                                          :
GREGORY S. SCHAEFER,                                              :
DILLON SCOTT SECURITIES, INC.                               :

                                             :

                                           :   09 Civ.   (5707) (SAS)
                           **Defendants.** :

--------------------------------------------------------------------------x

## SCHEDULING ORDER

        WHEREAS, the Court issued an Order for a Conference in accordance with Fed. R. Civ. P. 16(b) on July 1, 2009 (the "Order"); and

        WHEREAS, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information;

        NOW, THERERFORE, the parties hereby submit the following information as required by the Order:

        **(1)**     **the date of the conference and the appearance for the parties;**

                    August 20, 2009

                    Richard Primoff
                    Senior Trial Counsel
                    Securities and Exchange Commission
                    3 World Financial Center, Suite 400
                    New York, NY 10281
                    Tel: (212) 336-0148

Susannah M. Dunn
Staff Attorney
Securities and Exchange Commission
3 World Financial Center, Suite 400
New York, NY 10281
Tel: (212) 336-0060

Attorneys for Plaintiff

Edwin Peralta-Milan
65 Broadway, Suite 746
New York, NY 10006
Tel: (212) 430-6660

Attorney for Defendants

**(2)**     **a concise statement of the issues as they appear;**

Plaintiff's Statement of the Issues:

(1) Whether Defendants Becker, Schaefer, and Dillon Scott violated Section 17(a) of the Securities Act of 1933 (the "Securities Act"), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder by knowingly or recklessly making false and misleading statements and omissions about the use of investor proceeds raised in three securities offerings of Gold Rush Technologies, Inc. ("Gold Rush"), Dillon Scott's holding company

(2) Whether Dillon Scott violated, and Becker and Schaefer aided and abetted Dillon Scott's violations of, Section 15(c) of the Exchange Act and Rule 10b-3 of the Exchange Act, by knowingly or recklessly effecting transactions in, or inducing or attempting to induce the purchase or sale of, Gold Rush securities by means of manipulative, deceptive, or other fraudulent devices or contrivances

(3) Whether Defendants violated Sections 5(a) and (c) of the Securities Act by offering and selling Gold Rush securities when no registration statement was in effect as to such securities and no exemption from registration was applicable

(4) Whether Dillon Scott violated, and Becker and Schaefer aided and abetted Dillon Scott's violations of, Section 17(a) of the Exchange Act and Rule 15b3-1 of the Exchange Act by not disclosing Becker's control over Dillon

Scott in Dillon Scott's Form BD filings with the Commission

(5) Whether Dillon Scott violated, and Becker and Schaefer aided and abetted Dillon Scott's violations of, Section 15(b)(7) of the Exchange Act and Rule 15b7-1 thereunder, by not registering its associated persons Becker and another unregistered Gold Rush salesperson with FINRA, and not ensuring that they passed the requisite qualification examinations, when both Dillon Scott and the unregistered individuals were effecting, or involved in effecting, transactions in securities

(6) Whether Dillon Scott violated, and Becker and Schaefer aided and abetted Dillon Scott's violations of, Section 17(a)(1) of the Exchange Act and Rule 17a-3(a)(12) thereunder by not making and keeping current either a questionnaire or application for employment executed by its associated persons Becker and the unregistered Gold Rush salesperson

Defendants' Statement of the Issues:

(1) Whether the Gold Rush offering of January, 2001 was exempted from registration under Rule 504 of Regulation D of the Securities Act of 1933.

(2) Whether the Gold Rush offering of July, 2003 was exempted from registration under Rule 504 of Regulation D of the Securities Act of 1933.

(3 ) Whether the Gold Rush offering of July, 2005 was exempted from registration under Rule 505 of Regulation D of the Securities Act of 1933.

(4) Whether the exemption from registration under Rule 505 of Regulation D is defeated by deceit and misrepresentation on the part of a single investor where reasonable inquiry and reliance is performed by the Holding Company (Gold Rush).

(5) Whether Gary S. Becker exercised any control over the day to day operations or decision making processes of Dillon Scott.

(6) Whether defendant Gary S. Becker was an associated person of Dillon Scott.

(7) Whether defendant Gary S. Becker in fact effected any transactions in securities for Dillon Scott.

(8) The existence and identity of the alleged "another unregistered Gold Rush Sales person" in the Complaint.

(9) If such the alleged "another unregistered Gold Rush Sales person" is a person in being and can be identified whether such ostensible person was an associated person and whether such ostensible person in fact effected transactions in securities.

3

(10) Whether in light of the more than 7 year period of time encompassed by the allegation of the Complaint, the amounts expended for wages and salaries is excessive.

(11) Whether in fact the use of process from the three offerings was at variance with the any of the statements in any of the three offering.

    **(3)**    **a schedule indicating:**

    **(a)**    **the date by which each party shall serve its Fed. R. Civ. P. 26(a) Initial Disclosures;**

    30 days following entry of this Scheduling Order   *9/20*

    *DOL. Rely  9/4*

    **(b)**    **the names of persons to be deposed and a schedule of planned depositions;**

    Plaintiff and Defendants now anticipate deposing the following

individuals within the time set out in this Order for discovery:

*with of*
*NOD. 2*
*Monk 1*

    <u>Persons Plaintiff Now Anticipates Deposing</u>:
    Gary Becker
    Gregory Schaefer
    Robert Gutflesich
    Robert Jones ✓
    Eric Pou ✓
    Joseph Cuesta ✓
    Charles Mansfield ✓
    Brian Rinke ✓
    Warren Forest ✓
    Authenticating witnesses to the extent necessary

    <u>Persons Defendants Now Anticipate Deposing</u>
    Joseph Cuesta
    Charles Mansfield
    Brian Rinke
    Warren Forest
    Brad Jacobs
    Steve Schuster

4

Eric Pou
Mike Penny
Darryl Bramlett
Robert Jones

**(c)    a schedule for the production of documents;**

45 days following entry of this Scheduling Order    ~~10/16~~

**(d)    dates by which (i) each expert's reports will be supplied to the adverse side and (ii) each expert's deposition will be completed;**

Neither Plaintiff nor Defendants anticipate designating an expert.

**(e)     time when discovery is to be completed;**

~~Eight months following entry of this Scheduling Order~~    *March 1, 2010*

**(f)    the date by which plaintiff will supply its pre-trial order matters to defendants;**

*made*

If Summary Judgment motions are ~~permitted by the Court~~, 30 days following the resolution of those motions.  If Summary Judgment motions are ~~not permitted by the Court, 60~~ *made*

~~days following the close of discovery.~~  by *April 12, 2010*

**(g)     the date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instructions, for a jury trial; and**

30 days following service by Plaintiff of its pre-trial order matters to Defendants;

(h)     a space for the date for a final pre-trial conference pursuant to Fed.

R. Civ. P. 16(d), to be filled in by the Court at the conference.

_____ March 9 at 4ᵗᵸ _____

(leave blank)

(4)     a statement of any limitations to be placed on discovery, including any

protective or confidentiality orders;

The parties identified none at this time.

(5)     a statement of those discovery issues, if any, on which counsel, after a good

faith effort, were unable to reach an agreement;

(6)     anticipated fields of expert testimony, if any;

Neither Plaintiff nor Defendants anticipate designating an expert.

(7)     anticipated length of trial and whether to court or jury;

Defendants have requested a jury trial.  Plaintiff and Defendants anticipate

a two week trial.

(8)     a statement that the Scheduling Order may be altered or amended only on

showing of good cause not foreseeable at the time of the conference or when justice so

requires;

The Scheduling Order may be altered or amended only on showing of good cause

not foreseeable at the time of the conference or when justice so requires.

6

(9)    names, addresses, phone numbers and signatures of counsel;

Richard Primoff

Attorney for Plaintiff
Securities & Exchange Commission
3 World Financial Center, Suite 400
New York, NY 10281
(212) 336-0148

Edwin Peralta-Milan

Attorney for Defendants
65 Broadway, Suite 746
New York, NY 10006
(212) 430-6660

SO ORDERED:

8/20/09

SHIRA A. SCHEINDLIN
U.S.D.J.